922 So.2d 471 (2006)
In re Marcus Anthony BRYANT.
No. 2004-OB-2433.
Supreme Court of Louisiana.
February 22, 2006.
John K. Pierre, Marc Anthony Bryant for Applicant.
Richard A. Goins, New Orleans, Charles B. Plattsmier, Baton Rouge, for Respondent.

ON APPLICATION FOR ADMISSION TO THE BAR.
PER CURIAM.[*]
The Committee on Bar Admissions ("Committee") opposed the application of petitioner, Marcus Anthony Bryant, to sit for the Louisiana Bar Examination based on character and fitness concerns. Specifically, the Committee informed petitioner that his application would be denied in light of his 1995 felony conviction of possession of cocaine with intent to distribute, as well as various delinquent credit accounts. We subsequently granted petitioner permission to sit for the bar exam, with the condition that upon his successful completion of the exam, he apply to the court for the appointment of a commissioner to take character and fitness evidence.[1]
Petitioner thereafter successfully passed the essay portion of the bar exam, and upon his application, we appointed a commissioner to take evidence and report to this court whether petitioner possesses the appropriate character and fitness to be admitted to the bar and allowed to practice law in the State of Louisiana. We also authorized the Office of Disciplinary Counsel *472 to conduct an investigation into petitioner's qualifications to be admitted to the bar.
The commissioner conducted a character and fitness hearing in January 2005, pursuant to Supreme Court Rule XVII, § 9(B). At the conclusion of the hearing, the commissioner filed his report with this court, recommending that petitioner be admitted to the practice of law. In his report, the commissioner concluded that petitioner "made a mistake as a high school student, which resulted in a felony conviction, and he got into financial trouble as an undergraduate student struggling to pay his own way through college. It is clear from the evidence that he has been rehabilitated." The Committee objected to the commissioner's recommendation, and oral argument was conducted before this court pursuant to Supreme Court Rule XVII, § 9(B)(3).
After hearing oral argument, reviewing the evidence, and considering the law, we conclude petitioner is eligible to be admitted to the practice of law in Louisiana.
Accordingly, it is ordered that the application for admission be and hereby is granted.
WEIMER, J., concurs with reasons in part and dissents with reasons in part.
VICTORY, J., dissents and assigns reasons.
WEIMER, J., concurring in part, dissenting in part.
Marcus Anthony Bryant was born July 26, 1977, and was reared by his paternal grandmother. In September of 1994, when Bryant was 17 years of age (two months past the age of 16) and beginning his junior year at New Iberia High School, he was arrested and charged with possession of cocaine with intent to distribute. In these proceedings, Bryant has testified he became what he referred to as a "safe guy" in the distribution of drugs by acquaintances in the neighborhood where he lived with his grandmother by "holding" drugs for others.
In 1995, Bryant entered a guilty plea to the charge of possession with intent to distribute and was sentenced to a five-year suspended jail sentence. He was also given a three-year period of probation to be supervised by a probation officer, as well as six months of community service. His guilty plea was entered under the provisions of LSA-C.Cr.P. art. 893, which allowed for expungement of the conviction upon successful completion of the period of probation. An expungement order was signed on April 18, 2002.
When he was suspended from high school because of the drug charge, Bryant moved to St. Martinville, Louisiana, where he lived with an aunt and uncle and attended a technical school. Bryant was able to enroll in Southern University in Baton Rouge, Louisiana, for the spring 1996 semester because he received his GED and, thus, finished high school ahead of his former classmates at New Iberia High School. He received a bachelor's degree in English from Southern in the fall of 2000. From 2001 until graduating in the spring of 2004, he attended Southern University Law School.
Subsequent to being notified by the Committee on Bar Admissions that because of his prior criminal conviction, as well as certain financial concerns reflected in his National Committee of Bar Examinations questionnaire, the Committee could not certify his good character. Bryant applied for and obtained permission from this court to sit for the July 2004 bar examination, which he passed. Thereafter, he filed a petition for appointment of *473 a commissioner in accordance with Supreme Court Rule XVII, Section 9.
Following a hearing on January 19, 2005, the commissioner filed a report setting out his conclusion that Bryant satisfied his burden of proving "good moral character" and "fitness" necessary to practice law in the State of Louisiana. The transcript of the hearing reveals support for the commissioner's conclusion. In addition to his own testimony, Bryant presented the live testimony of two witnesses: Judge Charles Porter, 16th Judicial District Court, Division "G"; and Dr. Jacqueline Mims, former President of the East Baton Rouge Parish School Board, and Director of Human Resources for the City of Baton Rouge and the Parish of East Baton Rouge. Bryant also presented letters of recommendation from Richard J. Lewis, a high school administrator; Patricia Simon, an adult education instructor for St. Martin Parish School Board; Gabrielle D. Jones, Winston G. Deucir, Linda Law Clark, and Michael R.D. Adams, practicing attorneys.
Judge Porter testified he has employed Bryant as his law clerk since Bryant's completion of law school. The judge was familiar with Bryant's background, having been the judge to set bail for Bryant after his 1994 arrest. He testified that the drug charges were out of character for Bryant. Judge Porter's opinion is that Bryant, with the help of a very supportive family, has thoroughly rehabilitated himself. The judge also described Bryant as moral, honest, and trustworthy, and that he possesses a sense of fairness.
Dr. Mims employed Bryant while he attended Southern University in a program related to counseling victims of campus violence. Prior to being hired, he worked as a volunteer in the program. Although he was hired and paid for a part-time position, he nevertheless put in full-time work on the program. She testified to his ability to communicate with his peers and other young people, particularly "at risk" students, and to be a positive influence in their lives via his counseling. She described Bryant as trustworthy, forthright, fair, and honest. She also stated Bryant matured during the duration of his work in the program.
In light of these positive opinions, the commissioner recommended that Bryant be admitted to the Bar and allowed to practice law in the State of Louisiana. I agree.
Supreme Court Rule XVII, Section 5(A) enunciates the following public policy:
The primary purpose of character and fitness screening before admission to the Louisiana State Bar is to assure the protection of the public and to safeguard the administration of justice. . . . The public interest requires that the public be secure in its expectation that those who are admitted to the Bar are worthy of the trust and confidence clients may reasonably place in their attorneys.
Section 5(B) of Rule XVII defines the pertinent terms:
The term "good moral character" includes, but is not limited to, the qualities of honesty, fairness, candor, trustworthiness, observances of fiduciary responsibility and of the laws of the State of Louisiana and of the United States of America, and a respect for the rights of other persons. The term "fitness" includes, but is not limited to, the mental or emotional stability of the applicant to practice law in this state.
Section 5(D) further provides ten nonexclusive factors for the Committee to consider in weighing the effects of a prior incident upon an applicant's character or fitness. In the instant case, the facts of record in light of the enumerated factors, *474 support a conclusion that Bryant has satisfied his burden of proving his good character and fitness. Specifically, and most significantly, Bryant was only 17 years old at the time of his arrest. Eleven years have elapsed since the wrongful conduct. Although there is no question about the reliability of the information concerning his wrongful conduct and the seriousness of the felony of possession of cocaine with intent to distribute, the factors underlying Bryant's involvement mitigate the wrongfulness of the conduct. Although he possessed the cocaine, in quantity sufficient to indicate intent to distribute, Bryant was merely a surrogate by "holding" drugs for "friends" in the neighborhood where he lived. Bryant's moving to another parish avoided any cumulative effect of his wrongful conduct. Since his guilty plea and successful completion of probation, Bryant has made social contributions by his wholehearted involvement in the federally-funded program administered by Dr. Mims by counseling and being a positive example for "at risk" college students. My review of the transcript convinces me that in his application for admission to the bar and before this court, Bryant has been candid and cooperative throughout the process, and he has not engaged in or attempted material omissions or misrepresentations. Finally, all of the above facts, combined with his success in completing his education and maintaining a lifestyle free of crime or wrongdoing, indicate that Bryant is rehabilitated.
I respectfully agree with the commissioner's conclusion that Bryant satisfied his burden of proving good moral character and fitness, and I concur with the following observations by the commissioner:
Marcus Bryant made a mistake as a high school student, which resulted in a felony conviction, and he got into financial trouble as an undergraduate student struggling to pay his own way through college. It is clear from the evidence that he has been rehabilitated. He not only worked to pay his own way while earning three degrees (GED, BA, Juris Doctorate), along the way he earned the respect of his fellow students, faculty, and employers. He overcame the drug conviction and worked to pay off his debts before entering law school.
In summary, I emphasize that I in no way condone this applicant's prior behavior that is the major impediment to his admission to the bar. Although I am thoroughly convinced that those who involve themselves in drugs should be held accountable for their actions, I note the applicant was a youth only two months removed from being a juvenile at the time of his arrest and now over a decade has transpired since the offense. According to the judge who hired Bryant as his law clerk, this act was completely out of character. The fact that he received his GED and entered college before his high school classmates and completed undergraduate school and law school demonstrates his involvement with drugs was an aberration and a youthful indiscretion. The assistant district attorney who prosecuted him said during sentencing that Bryant had demonstrated a change in attitude. He stated, "His attitude is one that indicates to me that Mr. Bryant can be salvaged and could become a good member of the community." I also note Bryant's involvement in counseling as a volunteer, and his supervisor's complimenting his ability to relate to others. The police report filed into evidence, which states Bryant claimed to have been involved with drugs for an extended period of time, and of having been involved in sexual encounters, appears, from my review of the police reports, to be no more than what he described as "untrue boasts" *475 by a frightened 17-year-old being vigorously interrogated by the police.
Accordingly, I concur in approving Bryant's application for admission to the Bar of the State of Louisiana. I dissent because, due to his felony conviction, he should be subject to a two-year period of probation.
VICTORY, J., dissenting.
I respectfully dissent. Although we do not have a rule that automatically disqualifies an applicant with a felony conviction, for the first time in over thirty years this Court admits applicants who have previously been convicted of a felony. See also, In Re: Boyett, 04-1079 (La.2/22/06), 922 So.2d 469, rendered this day. For the first time I can recall the Court admits applicants over the specific objections of the Louisiana Supreme Court Committee on Bar Admissions.
In his sworn statement to the Office of Disciplinary Counsel, Bryant testified that his drug conviction came about because he was caught holding drugs for others at about ten o'clock at night after a football game. In truth and in fact the police records show that he was arrested about one a.m. in possession of fifteen rocks of crack cocaine and a razor blade with cocaine residue on it. He had thrown away the drugs, denied to the police that they were his, became very violent with the police, pushed the police officer detaining him away and fled the scene. When finally caught, he was noted to be very uncooperative and thought the situation was "funny." At the police station, after being given his Miranda rights, he "....stated that he had had sex with three different women and was going to make some money. He also stated that he had been doing this type of activity since he was a young boy." It was again noted that "he thought it was very funny."
Byrant's argument is that he made one mistake when he was seventeen but that he has now been rehabilitated. It is not at all uncommon for applicants with a criminal history to downplay what really happened at the time of the crime. This Court has denied admission to the bar several times because we did not believe the applicant's "current" version of his or her criminal history. Such is the case here. I have no reason to disbelieve Bryant's statements to the police at the time of the arrest that he had been doing this type of activity since he was a young boy. There is nothing in the police records that suggests that Bryant was holding drugs for others, or even claimed at the time that he was holding drugs for others, as he now claims. The fact that he was arrested with a razor blade with cocaine residue on it along with the drugs suggests otherwise. And his claim of "one mistake" when he was seventeen rings hollow. His own words indicate he made many mistakes with drugs over many years, but was merely caught one time. Even his current version of the facts, i.e., he was just holding drugs for others, was that he did this on multiple occasions.
In my view the majority has made an enormous mistake in this case and in the Boyett case by substantially lowering the standard to be admitted to the practice of law in this state.
NOTES
[*] Retired Judge Philip C. Ciaccio, assigned as Justice pro tempore, sitting for Associate Justice Catherine D. Kimball.
[1] In re: Bryant, 04-1755 (La.7/16/04), 877 So.2d 990.